Joyce W. Lindauer
State Bar No. 21555700
Gordon Green
State Bar No. 24083102
Aaron Michelsohn
State Bar No. 24085473
Attorneys at Law
12720 Hillcrest Road, Suite 625
Dallas, Texas 75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ESTELLA'S IN GARLAND, LLC, | § | CASE NO. 15-40117-btr |
| | § | Chapter 11 |
| Debtor. | § | |

**DEBTOR'S EMERGENCY MOTION FOR USE OF CASH COLLATERAL**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

**COMES NOW** Estella's in Garland, LLC, the Chapter 11 Debtor in the above styled and

referenced bankruptcy case (the "Debtor"), and files this its Emergency Motion for Use of Cash

Collateral pursuant to 11 U.S.C. § 363 of the Bankruptcy Code and in support of same would respectfully show the following:

1. On January 20, 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is now operating its business and managing its property as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Debtor requests the Court to enter an Interim Order for Use of Cash Collateral in the form attached hereto as **Exhibit "B."**

4. Debtor has an immediate need to use the alleged cash collateral of Capital One Bank, N.A. (the "Secured Lender"), the Debtor's alleged secured creditor claiming liens on Debtor's personal property including cash. The Debtor also has agreements with Rewards Network ("Rewards") that extend to account collections. A copy of the UCC search is attached hereto as **Exhibit "A."** The Debtor can adequately protect the interests of the Secured Lender and Rewards as set forth in the proposed Interim Order for Use of Cash Collateral by providing the Secured Lender and Rewards with post-petition liens, a priority claim in the Chapter 11 bankruptcy case, and cash flow payments. The cash collateral will be used to continue the Debtor's ongoing operations. The Debtor operates a restaurant. The Budget attached to the proposed Order permits the payment of ongoing operating expenses of the Debtor in order to allow the Debtor to maintain its operations in Chapter 11 and allow for a small amount to

professional fees.  The Debtor intends to rearrange its affairs and needs to continue to operate in order to pay its ongoing expenses, generate additional income and to propose a plan in this case.  The Debtor's proposed Budget is attached hereto as **Exhibit "C."**

5. This is an emergency matter since the Debtor has no outside sources of funding available to it and must rely on the use of cash collateral to continue its operations.  Additionally, Debtor has payroll due on Friday, January 23, 2015.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests that this Court enter an Interim Order for Use of Cash Collateral in the form attached hereto as **Exhibit B"** and for such other and further relief to which the Debtor may be justly entitled.

Dated: January 26, 2015.

Respectfully submitted,

 */s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Gordon Green
State Bar No. 24083102
Aaron Michelsohn
State Bar No. 24085473
Attorneys at Law
12720 Hillcrest Road, Suite 625
Dallas, Texas  75230
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 26, 2015, a true and correct copy of the foregoing document was served via email pursuant upon the parties listed below and via United States first class mail, postage prepaid, upon the parties on the attached service list.

Heather M. Forrest
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, TX 75202
Email: hforrest@jw.com

Kathy DeCicco
Rewards Network
2 North Riverside Plaza, Suite 200
Chicago, IL 60606
Email: kdecicco@rewardsnetwork.com

Timothy O'Neal
Marcus F. Salitore
John Vardeman
Office of the United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75702
Email: timothy.w.o'neal@usdoj.gov
    marc.f.salitore@usdoj.gov
    john.m.vardeman@usdoj.gov

                                          */s/ Joyce W. Lindauer*
                                          Joyce W. Lindauer

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0540-4<br>Case 15-40117<br>Eastern District of Texas<br>Sherman<br>Fri Jan 23 15:31:11 CST 2015 | ASG Security<br>P.O. Box 650837<br>Dallas, TX 75265-0837 | (p)ALLIED INSURANCE<br>1100 LOCUST STREET D1-7C-0301<br>DES MOINES IA 50391-1100 |
| American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | Atmos Energy<br>P.O. Box 790311<br>St. Louis, MO 63179-0311 | Attorney General of Texas<br>Bankruptcy Division<br>PO Box 12548<br>Austin, TX 78711-2548 |
| Blue Rhino<br>P.O. Box 281956<br>Atlanta, GA 30384-1956 | City of Garland<br>P.O. Box 461508<br>Garland, TX 75046-1508 | Coca-Cola<br>P.O. Box 840232<br>Dallas, TX 75284-0232 |
| (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 | Cozzini Brothers<br>350 Howard Avenue<br>Des Plaines, IL 60018-1908 | Custom Business Solutions, Inc.<br>12 Morgan<br>Irvine, CA 92618-2003 |
| Dal-Worth Industries, Inc.<br>P.O. Box 5504<br>Arlington, TX 76005-5504 | Direct Source Products<br>P.O. Box 270530<br>Flower Mound, TX 75027-0530 | (p)DIRECTV LLC<br>ATTN BANKRUPTCIES<br>PO BOX 6550<br>GREENWOOD VILLAGE CO 80155-6550 |
| Ecolab - Institutional<br>P.O. Box 70343<br>Chicago, IL 60673-0343 | Ecolab Food Safety<br>24198 Network Place<br>Chicago, IL 60673-1241 | Estella's in Garland, LLC<br>508 N. Central Expressway<br>Dallas, TX 75080-5314 |
| Excel Linen<br>208 S. Railroad Avenue<br>Seagoville, TX 75159 | Facilitec<br>2300 Cold Springs Road<br>Fort Worth, TX 76106-8401 | Fintech.net<br>7702 Woodland Center Blvd., Suite 50<br>Tampa, FL 33614-2425 |
| First Data Global Leasing<br>P.O. Box 173845<br>Denver, CO 80217-3845 | Heather M. Forrest<br>Jackson Walker L.L.P.<br>901 Main Street, Suite 6000<br>Dallas, TX 75202-3797 | Frymire Services<br>P.O. Box 29197<br>Dallas, TX 75229-0197 |
| Garland Welding Supply Co. Inc.<br>1960 Forest Lane<br>Garland, TX 75042-7916 | Hagar Restaurant Service LLC<br>6200 N.W. 2nd Street<br>Oklahoma City, OK 73127-6520 | Hardies' Frust & Vegetable Co.<br>P.O. Box 610484<br>Dallas, TX 75261-0484 |
| Harrison Landscape & Design, LLC<br>2745 N. Dallas Parkway, Suite 455<br>Plano, TX 75093-8749 | Hudson Energy<br>P.O. Box 142109<br>Irving, TX 75014-2109 | ICON Ecological Solutions, LLC<br>5432 Bridgeport Road<br>McKinney, TX 75071-4987 |

| | | |
|---|---|---|
| Internal Revenue Service<br>Centralized Insolvency<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service<br>Mail Code DAL-5020<br>1100 Commerce Street<br>Dallas, Texas 75242-1100 | KPM Ventures, Ltd.<br>119 W. Virginia, Suite 203<br>McKinney, TX 75069-4404 |
| La Mexicana Tortilla Factory, Inc.<br>715 Skyline Drive<br>Duncanville, TX 75116-3923 | Ladco Leasing<br>7300 Chapman Highway<br>Knoxville, TN 37920-6612 | Joyce W. Lindauer<br>12720 Hillcrest Road<br>Suite 625<br>Dallas, TX 75230-2035 |
| Linebarger Goggan Blair & Sampson<br>2777 N. Stemmons Freeway<br>Suite 1000<br>Dallas, TX 75207-2328 | Lopez Tortilla Foods Inc.<br>9731 Brockbank Drive<br>Dallas, TX 75220-2926 | Main Street Hub<br>600 Congress Avenue, Suite 1200<br>Austin, TX 78701-2940 |
| PeopleMatter<br>466 King Street<br>Charleston, SC 29403-6229 | Red Book Solutions<br>26433 Network Place<br>Chicago, IL 60673-1264 | Shelton's Water Refining<br>2708 E. Randol Mill Road<br>Arlington, TX 76011-6722 |
| Sigels<br>2960 Anode Lane<br>Dallas, TX 75220-1406 | Sophisticated Sound, Inc.<br>2340 Superior Drive, Suite E<br>Arlington, TX 76013-6052 | Jason Starks<br>300 West 15th St., 8th Floor<br>Austin, TX 78701-1649 |
| Swisher Hygiene Franchisee Trust<br>P.O. Box 473526<br>Charlotte, NC 28247-3526 | Texas Workforce Commission<br>101 East 15th Street<br>Austin, TX 78778-0001 | Time Warner Cable<br>P.O. Box 60074<br>City of Industry, CA 91716-0074 |
| Trinity Chemical Partners<br>5435 N. Garland Road, No. 276<br>Garland, TX 75040-2785 | U. S. Attorney<br>110 N. College Ave.<br>Suite 700<br>Tyler, TX 75702-0204 | U. S. Trustee's Office<br>110 N. College Street<br>Suite 300<br>Tyler, TX 75702-7231 |
| U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | U.S. Foods<br>P.O. Box 843202<br>Dallas, TX 75284-3202 | US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 |
| Uncle Bob's<br>3222 N. Shiloh Road<br>Garland, TX 75044-8016 | Wells Fargo Bank<br>P.O. Box 1450<br>Minneapolis, MN 55485-1450 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Allied Insurance              Comptroller of Public Accounts      (d)Comptroller of Public Accts
P.O. Box 514540               Revenue Accounting Division          Rev Acctg Div/Bankruptcy Dept
Los Angeles, CA 90051         Bankruptcy Section                   PO BOX 13528
                              PO Box 13528                         Austin, TX 78711
                              Austin, TX 78711-0000


Direct TV
P.O. Box 60036
Los Angeles, CA 90060
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Capital One, N.A.          (u)Texas Comptroller of Public Accounts    End of Label Matrix
                                                                          Mailable recipients    55
                                                                          Bypassed recipients     2
                                                                          Total                  57
```

**EXHIBIT "A"**

# DEPUTY SECRETARY of STATE
# COBY SHORTER, III

UCC | Business Organizations | Trademarks | Notary | Account | Help/Fees | Briefcase | Logout

### Debtor Name Search

This debtor name search was performed on 01/23/2015 06:51 PM with the following search parameters:
**DEBTOR NAME:** ESTELLA'S IN GARLAND, LLC
**CITY:** [Not Specified]

---

| Order | View | Filing Number | Filing Type | Filing Date | Pages | Lapse Date |
|---|---|---|---|---|---|---|
| ☐ | 👁 | 10-0033799921 | Financing Statement | 11/24/2010 05:00 PM | 1 | 11/24/2015 |

Debtor: ESTELLA'S IN GARLAND LLC — 5085 N GEORGE BUSH HWY, GARLAND, TX, 75040
Secured Party: TIMEPAYMENT CORPORATION — 10-M COMMERCE WAY, WOBURN, MA, 01801

---

| Order | View | Filing Number | Filing Type | Filing Date | Pages | Lapse Date |
|---|---|---|---|---|---|---|
| ☐ | 👁 | 10-0035491215 | Financing Statement | 12/13/2010 12:49 PM | 3 | 12/14/2015 |

Debtor: ESTELLA'S IN GARLAND, L.L.C. — 6332 LA VISTA DR. DALLAS, TX, 75214
Secured Party: KPM VENTURERS, LTD. — P.O. BOX 941428, PLANO, TX, 75094

---

| Order | View | Filing Number | Filing Type | Filing Date | Pages | Lapse Date |
|---|---|---|---|---|---|---|
| ☐ | 👁 | 12-0011944092 | Financing Statement | 04/16/2012 05:00 PM | 1 | 04/16/2017 |
| ☐ | 👁 | 14-00289273 | Termination | 09/08/2014 05:00 PM | 1 | n/a |

Debtor: ESTELLA'S IN GARLAND, LLC — 5085 N GEORGE BUSH FREEWAY, GARLAND, TX, 75040
Secured Party: BENCHMARK BANK — 5700 LEGACY DR STE 10, PLANO, TX, 75024

---

| Order | View | Filing Number | Filing Type | Filing Date | Pages | Lapse Date |
|---|---|---|---|---|---|---|
| ☐ | 👁 | 13-0031120718 | Financing Statement | 09/30/2013 03:36 PM | 2 | 09/30/2018 |

Debtor: ESTELLA'S IN GARLAND, L.L.C. — 5085 N PRES GEORGE BUSH HWY, GARLAND, TX, 75040
Secured Party: REWARDS NETWORK ESTABLISHMENT SERVICES INC. — 2 N. RIVERSIDE PLAZA, SUITE 200, CHICAGO, IL, 60606

---

Select All Filings: ☐

[ Order Selected Filings ]   [ Order Certificate ]   [ New Search ]

Instructions:
- Press 'New Search' if you wish to perform another web inquiry.
- Press 'Previous' or 'Next' to scroll through the results of this inquiry.
- Enter the page number and click 'GO' button to view the desired page.
- Press 'Order Search Certificate' if you wish to order a search certificate with the parameters entered for this web inquiry.
- If you wish to order only selected filings for this debtor, check by the filings and press 'Order Selected Filings'.
- Checked filings will be retained from page to page as you scroll through the results of this inquiry.
- If an order for a search certificate or selected filings is placed against this web inquiry, the web inquiry fee will be waived.
- Check 'Select All Filings' and press 'Order Selected Filings' if you wish to order copies of all filings and full filing history for the results of this web inquiry.
- To view a particular filing document, click on the image under 'View' for the desired document.

# EXHIBIT "B"

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ESTELLA'S IN GARLAND, LLC, | § | CASE NO. 15-40117-btr |
| | § | Chapter 11 |
| Debtor. | § | |

**INTERIM ORDER FOR USE OF CASH COLLATERAL PURSUANT TO
SECTION 363 OF THE BANKRUPTCY CODE AND PROVIDING ADEQUATE
PROTECTION AND GRANTING LIENS AND SECURITY INTERESTS**

Upon the Emergency Motion for Use of Cash Collateral (the "Motion") pursuant to Sections 105, 361, 363 and 364 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001, filed by Estella's in Garland, LLC ("Debtor"), subject to the terms and conditions set forth herein, including the (i) grant of mortgages, security interests, liens and claims for the benefit Capital One Bank, N.A. (the "Secured Lender") and Rewards Network ("Rewards"), Post-petition which are co-extensive with their Pre-petition liens (to the extent of such liens, if any exist) and (ii) grant of mortgages, security interests, liens and claims in order to provide adequate protection to the Secured Lender and Rewards as more fully set forth herein, and upon the proceedings held before this Court and good and sufficient cause appearing therefore,

THE COURT HEREBY FINDS:

A.     On January 20, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor is now operating its business and managing its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.   No request has been made for the appointment of a trustee or examiner and no official committee has yet been appointed.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Chapter 11 Case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. An immediate and critical need exists for the Debtor to obtain funds in order to continue the operation of its business. Without such funds, the Debtor will not be able to pay its direct operating expenses and obtain goods and services needed to carry on its business during this sensitive period in a manner that will avoid irreparable harm to the Debtor's estate. At this time, the Debtor's ability to use Cash Collateral is vital to the confidence of the Debtor's vendors and suppliers of the goods and services, to the customers and employees and to the preservation and maintenance of the going concern value of the Debtor's estate.

D. Secured Lender may claim that substantially all of the Debtor's assets are subject to the Prepetition Liens of the Secured Lender including liens on cash relevant to this Motion. Rewards claims a secured interest in account collections.

E. The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(b)(2) and (c)(2). The permission granted herein to allow the Debtor to obtain the use of Cash Collateral financing is necessary to avoid immediate and irreparable harm to the Debtor. This Court concludes that entry of this Order is in the Debtor's best interest and its estate and creditors as its implementation will, among other things, allow for the continued operation and rehabilitation of the Debtor's existing business.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that the Debtor be, and hereby is, authorized to enter into all agreements pursuant to the terms of this Order necessary to allow the Debtor to use Cash Collateral subject to the protections and consideration described in this Order in the amounts and for the expenses set forth on the monthly budget attached hereto.

The Debtor, without the prior written approval of the Secured Lender, should not incur expenses for any line item for an amount that exceeds the lesser of the amount for such line item in the budget and the actual expenditure for such line item plus a 10% variance.  The Debtor is authorized to collect and receive all cash funds.  The Debtor shall account each month to the Secured Lender and Rewards for all funds received.  For purposes of this Order, "proceeds" of any of the Secured Lender's and Reward's collateral shall mean Proceeds (as defined in the Uniform Commercial Code) of such collateral security for all Cash Collateral permitted to be used hereunder by the Debtor, the Secured Lender and Rewards are hereby granted valid, binding, enforceable, and perfected liens (the "Post-petition Liens") co-extensive with their pre-petition liens in all currently owned or hereafter acquired property and assets of the Debtor, of any kind or nature, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising and all proceeds and products, including, without limitation, all accounts receivable, general intangibles, inventory, and deposit accounts coextensive with its pre-petition liens.  Nothing herein shall grant a lien on, interest in or claim on Chapter 5 causes of action.  Nothing herein shall prime the liens of the taxing authorities.   Nothing herein shall prime the liens of other secured creditors with liens that are superior to those of the Secured Lender and Rewards.  The Debtor is permitted to pay U.S. Trustee fees incurred during this case; it is further

  **ORDERED** that as adequate protection for the diminution in value of the interests of the Secured Lender and Rewards, the Secured Lender and Rewards are hereby granted replacement liens and security interests, in accordance with Bankruptcy Code Sections 361, 363, 364(c)(2), 364(e), 501(b)(1) and 552, co-extensive with their pre-petition liens as to validity and priority, against the Debtor's cash originating post-petition; it is further

**ORDERED** that the replacement liens granted to the Secured Lender and Rewards in this Order are automatically perfected without the need for filing of a UCC-1 financing statement with the Secretary of State's Office or any other such act of perfection; it is further

**ORDERED** that all cash accounts of Debtor and all accounts receivable collections by Debtor post-petition shall be deposited in a separate cash collateral account, being Debtor's debtor-in-possession account; it is further

**ORDERED** that from and after the Effective Date, the proceeds of the Pre-petition Collateral and the Post-petition Collateral shall not, directly or indirectly, be used to pay expenses of the Debtor or otherwise disbursed except for those expenses and/or disbursements that are expressly permitted herein and as shown on the Debtor's Budget attached hereto as **Exhibit "1" plus the 10% variance per line item.**  The Debtor may also pay $2,000.00 per month towards professional fees which shall be subject to approval by the Court.  During the pendency of this order, the Debtor will maintain insurance on the Secured Lender's collateral and pay taxes when due.  The automatic stay under Section 362(a) of the Bankruptcy Code shall be, and it hereby is, modified to the extent necessary to permit the Secured Lender and Rewards to retrieve, collect and apply payments and proceeds in respect of the Pre-petition Collateral and Post-petition Collateral in accordance with the terms and provisions of this Order.  The Debtor shall execute and deliver to the Secured Lender and Rewards all such agreements, financing statements, instruments and other documents as the Secured Lender and Rewards may reasonably request to evidence, confirm, validate or perfect the liens granted pursuant hereto.  The Debtor shall deliver a copy of its Monthly Operating Report to the Secured Lender's counsel by the 20th day of each month for the prior month; it is further

**ORDERED** that the provisions of this Order shall be binding upon and inure to the benefit of the Secured Lender and Rewards and the Debtor. However, nothing herein shall prevent the Secured Lender and Rewards from seeking any form of relief under the Bankruptcy Code. The Debtor shall, on or before _____, 2015, serve by U. S. mail, first class postage prepaid, copies of the Motion, this Order, the proposed Final Order and a notice of the hearing (the "Final Hearing Notice") to be held on _____, 2015, at _____.m. to consider entry of the proposed Final Order on, (a) the Office of the U. S. Trustee; (b) counsel to Capital One Bank, N.A and to Rewards; (c) all creditors in this case on the Matrix and (d) all parties requesting notice in this case. Copies of the Motion, this Order and the proposed Final Order and the Final Hearing Notice shall be served upon all persons requesting service of papers pursuant to Bankruptcy Rule 2002 by U. S. mail, first class postage prepaid, within one business day following the receipt of such request. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections no later than 4:00 p.m., _____, 2015, which objections shall be served so that the same are received on or before such date by Joyce W. Lindauer, 12720 Hillcrest Road, Suite 625, Dallas, Texas 75230.

SIGNED:

# EXHIBIT "C"

# Garland

| | | Actual weekly sales average | | |
|---|---|---|---|---|
| Acct | Account Description | Period 1 | | |
| 4011 | SALES-FOOD | 129520.00 | 80.00% | 1 |
| 4021 | SALES-LIQUOR | 22261.25 | 13.75% | |
| 4023 | SALES-BEER | 7933.10 | 4.90% | |
| 4025 | SALES-WINE | 2023.75 | 1.25% | |
| 4051 | SALES-COUNTER | 161.90 | 0.10% | |
| | | 161900.00 | 100.00% | |
| 4111 | COST-FOOD | 0.00 | 0.00% | |
| 4111.1 | COST-MEAT | 8289.28 | 6.40% | |
| 4111.2 | COST-SEAFOOD | 1424.72 | 1.10% | |
| 4111.3 | COST-POULTRY | 1554.24 | 1.20% | |
| 4111.5 | COST-PRODUCE | 6152.20 | 4.75% | |
| 4111.6 | COST-DAIRY | 6087.44 | 4.70% | |
| 4111.7 | COST-Tortilla | 3367.52 | 2.60% | |
| 4111.8 | COST-GROCERY | 6735.04 | 5.20% | |
| 4111.9 | COST-BEVERAGE | 1424.72 | 1.10% | |
| 4161 | COST-PAPER & DISPOSABLES | 2914.20 | 1.80% | |
| | | 37949.36 | 29.30% | |
| 4121 | COST-LIQUOR | 4118.33 | 18.50% | |
| 4123 | COST-BEER | 2221.27 | 28.00% | |
| 4125 | COST-WINE | 597.01 | 29.50% | |
| 4127 | COST-BAR SUPPLIES | 902.11 | 2.80% | |
| | | 45788.07 | 19.70% | |
| 4261 | SALARIES-Managers | 10384.00 | | |
| 4262 | SALARIES-SERVERS | 5180.80 | 3.20% | |
| 4263 | SALARIES-BUSHELP | 3966.55 | 2.45% | |
| 4264 | SALARIES-HOST/CASHIER | 2833.25 | 1.75% | |
| 4265 | SALARIES-KITCHEN | 13599.60 | 8.40% | |
| 4266 | SALARIES-DISHWASHERS | 2428.50 | 1.50% | |
| 4267 | SALARIES-BARTENDER | 2590.40 | 1.60% | |
| 4268 | SALARIES-CATERING | 161.90 | 0.10% | |
| | | 41145.00 | 25.41% | |
| 6041 | ADVERTISING/MARKETING | | 0.00% | |
| 6042 | HUMAN RESOURCES/PPL MATTE | 200.00 | 0.12% | |
| 6081 | AUTO & TRUCK | 700.00 | 0.43% | |
| 6081.2 | AUTO & TRUCK/maintain/insurance | 327.00 | 0.20% | |
| 6091 | BAD DEBT (Allen) | | 0.00% | |
| 6096 | BANK CHARGES | 200.00 | 0.12% | |
| 6101 | CASH OVER/SHORT | 0.00 | 0.00% | |
| 6161 | CREDIT CARD DISCOUNT | 4047.50 | 2.50% | |
| 6171 | DONATIONS | 120.00 | 0.07% | |
| 6181 | DUES & SUBSCRIPTIONS | 77.00 | 0.05% | |
| 6191 | EDUCATION/ | 80.00 | 0.05% | |
| 6221 | LEGAL & TAX PREP SERVICES | 339.00 | 0.21% | |
| 6226 | LINEN | 1000.00 | 0.62% | |
| 6227 | MAINTENANCE CONTRACT | 144.00 | 0.09% | |
| 6231 | MISCELLANEOUS | 0.00 | 0.00% | |
| 6235 | MUSIC/TV | 250.00 | 0.15% | |
| 6241 | OFFICE EXPENSE | 250.00 | 0.15% | |
| 6245 | OUTSIDE SERVICES | 0.00 | 0.00% | |
| 6251 | PAYROLL SERVICE FEES | 408.00 | 0.25% | |
| 6261 | PAYROLL TAXES | 6583.20 | 4.07% | |
| 6281 | PLANTS/DÉCOR | 74.00 | 0.05% | |
| 6301 | REPAIRS & MAINTENANCE-BLDG | 650.00 | 0.40% | |
| 6302 | REPAIRS & MAINTENANCE-EQUIP | 750.00 | 0.46% | |
| 6321 | SALARIES-OFFICERS | 5354.00 | 3.31% | |
| 6322.1 | SALARIES-OFFICE | 1999.00 | 1.23% | |
| 6322.2 | SALARIES director ops | 1428.00 | 0.88% | |
| 6322.3 | SALARIES-FINANCIAL ADVISOR | | 0.00% | |
| 6323 | SALARIES-EXEC. CHEF | 928.00 | 0.57% | |
| 6324 | SALARIES-CATERING | 803.00 | 0.50% | |
| 6325 | SECURITY | 200.00 | 0.12% | |
| 6330 | SUPPLIES-CHEMICAL | 740.00 | 0.46% | |
| 6331 | SUPPLIES-KITCHEN | 300.00 | 0.19% | |
| 6332 | SUPPLIES-OTHER | 500.00 | 0.31% | |
| 6333 | SUPPLIES-SMALL WARES | 200.00 | 0.12% | |
| 6340 | LIQUOR LICENSING | 850.00 | 0.53% | |
| 6341 | TAXES-LIQUOR | 2158.61 | 1.33% | |
| 6361 | TELEPHONE & INTERNET | 950.00 | 0.59% | |
| 6381 | TRAVEL | 0.00 | 0.00% | |
| 6382 | TRAVEL-MEALS/ENTERTAIN | 0.00 | 0.00% | |
| 6391 | UNIFORMS | 155.00 | 0.10% | |
| 6401 | UTILITIES-ELECTRIC | 5000.00 | 3.09% | |
| 6402 | UTILITIES-GAS | 1000.00 | 0.62% | |
| 6403 | UTILITIES-WASTE DISPOSAL | 430.00 | 0.27% | |
| 6404 | UTILITIES-WATER | 700.00 | 0.43% | |
| 7021 | ACCOUNTING EXPENSE | | 0.00% | |
| 7141 | DEPRECIATION | 976.80 | 0.60% | |
| 7201 | INSURANCE-KEY MAN LIFE | 240.00 | 0.15% | |
| 7202 | INSURANCE-GEN LIAB./PROP. | 1175.00 | 0.73% | |
| 7203 | INSURANCE-WORKER'S COMP | 250.00 | 0.15% | |
| 7204 | INSURANCE -HEALTH | 2125.00 | 1.31% | |
| 7281 | RENT-EQUIPMENT | 225.00 | 0.14% | |
| 7281.1 | Cam recociliation | | 0.00% | |
| 7282 | RENT-STORAGE | 148.00 | 0.09% | |
| 7283 | RENT-PREMISES | 16000.00 | 9.86% | |
| 7341 | TAXES & LICENSE | 592.00 | 0.37% | |
| 7342 | TAXES-PROPERTY | 300.00 | 0.19% | |
| 8171 | INTEREST INCOME | 0.00 | 0.00% | |
| 8172 | MISCELLANEOUS INCOME | | 0.00% | |
| 8175 | Loan payment | 5000.00 | 3.09% | |
| 8221 | INTEREST EXPENSE | 208.00 | 0.13% | |
| 8225 | NON-DEDUCTIBLE EXPENSE | 14.80 | 0.01% | |
| 8231 | Manager Bonus | | 0.00% | |
| | SUBTOTAL | 57119.91 | 91.46% | 6 |
| | Period Profit/(Loss) | 7817.02 | 4.83% | 7 |